UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

**OFFICIAL LOCAL FORM 3A**
**POST-CONFIRMATION AMENDED CHAPTER 13 PLAN**

DATED: __April 8, 2014__

POST-CONFIRMATION __SECOND AMENDED__ CHAPTER 13 PLAN
(Insert First, Second etc.)

Docket No.: __11-17385-WCH__

DEBTORS:    (H)  __Gary Procaccini__                         SS#: __xxx-xx-2022__

(W)  __Lisa Procaccini__                         SS#: __xxx-xx-8673__

I. AMENDED PLAN PAYMENT AND TERM:

TERM OF THE PLAN: __60__ Months (Total length of Plan - not no. of months remaining.) If the plan is longer than thirty-six (36) months, a statement of cause under 11 U.S.C.§1322(d) must be attached hereto. Debtors do not have sufficient excess income for a plan under 60 months.

AMENDED PLAN PAYMENT: Debtor(s) to pay monthly: $ __317.00__

EFFECTIVE: April 1, 2014 (Insert new payment beginning date.)

The claims listed below must include amounts previously disbursed by the Trustee on all claims which have subsequently been withdrawn or disallowed.

II. SECURED CLAIMS

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| GMAC Mortgage | 1st mortgage arrears | $ 12,311.00 (Per POC) |
| | Total of secured claims to be paid through the Plan: $ | 12,311.00 |

B. Claims to be paid directly by debtor to creditors (Not through Plan):

| Creditor | Description of Claim |
|---|---|
| GMAC Mortgage | 1st Mortgage |
| Stoughton Motor Mart | Car loan |

C. Modification of Secured Claims:

| Creditor | Details of Modification (Additional Details May Be Attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| HSBC Bank | 2nd Mortgage to be void per 11 USC s. 506 | See V(B) |

D. Leases:

i. The Debtor(s) intend(s) to reject the residential/personal property lease claims of
__-NONE-__

; or

ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of **-NONE-**

iii. The arrears under the lease to be paid under the plan are **0.00**.

## III. PRIORITY CLAIMS

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | $ |

B. Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| Internal Revenue Service | 2008 taxes | $ 47.00[1] |
| Massachusetts Department of Revenue | 2008 & 2010 taxes | $ 1,829.00 (Per POC) |
| Town of Foxboro | water/sewer | $ 383.00 |
| | Total of Priority Claims to Be Paid Through the Plan: | $ 2,259.00 |

## IV. ADMINISTRATIVE CLAIMS

A. Attorneys Fees (to be paid through the plan): $ 2,274.00

B. Miscellaneous Fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | $ |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

## V. UNSECURED CLAIMS

The general unsecured creditors shall receive a dividend of **0.83** % of their claims.

A. General unsecured claims: $ 9,266.00

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| HSBC Bank | 2nd mortgage to be void under 11 USC s. 506 | $ 81,000.00 |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of claim | Amount of Claim |
|---|---|---|
| -NONE- | | $ |

Total of Unsecured Claims (A + B + C): $ 90,266.00

D. Multiply total by percentage: $ 750.00
(Example: Total of $38,500.00 x .22 dividend = $8,470.00)

---

[1] Amount paid by Trustee. Scott Miller at IRS states no pre-petition arrears are due.

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| -NONE- | | $ |

Total amount of separately classified claims payable at ___%    $ _____ 0.00

## VI. OTHER PROVISIONS:

A. Liquidation of assets to be used to fund plan:

B. Miscellaneous provisions:

C. Set forth below, all changes from the previously Confirmed Plan:

Secured: GMAC's claim for mortgage arrears reduced to amount on Proof of Claim. Dell Financial's claim to be treated as unsecured per their Proof of Claim. Debtors to pay car loan to Stoughton Auto Mart per November 25, 2013 Court Order to obtain financing.

Priority: Claim of IRS reduced to amount Trustee has sent per conversation with Scott Miller stating no pre-petition arrears are owed.

Administrative: Increased $800.00 for additional legal fees including two amended plan, Opposition to Motion for Relief, Opposition to Trustee's Motion to Dismiss, Motion to Obtain Financing and Motion for Expedited Hearing.

Unsecured: Increased dividend to 0.83%

Term: No changes

Plan Payment: Decreased to $317.00

## VII. CALCULATION OF AMENDED PLAN PAYMENT

| | | |
|---|---|---|
| a) Secured claims (Section II-A&D Total): | $ | 12,311.00 |
| b) Priority claims (Section III-A&B Total): | $ | 2,259.00 |
| c) Administrative claims (Section IV-A&B Total): | $ | 2,274.00 |
| d) Regular unsecured claims (Section V-D Total): + | $ | 750.00 |
| e) Separately classified unsecured claims: | $ | 0.00 |
| f) Total of a + b + c + d + e above: | =$ | 17,594.00 |
| g) Divide (f) by .90 for total including Trustee's fee: **$1,955.00** | | |
| Cost of Plan= | $ | 19,549.00 |
| (This represents the total amount to be paid into the Chapter 13 Plan) | | |
| h) Subtract the total amount of payment the Debtor has paid to the Trustee to date: | $ | 10,369.00 |
| i) Total amount left to be paid (g minus h) | $ | 9,180.00 |
| j) Divide (i) by # of months remaining: | | 29 |
| k) Round up to nearest dollar: Amended Monthly Plan Payment: | $ | 317.00 |

Date Amended Payment to begin: April 1, 2014

VIII. LIQUIDATION ANALYSIS

☒ The Debtor avers that there have been no material changes to the total amount set forth in the Summary of the Liquidation Analysis of the Debtor's previously Confirmed Plan.

A. Real Estate:

| List Each Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| | $ 0.00 | $ 0.00 |

Total Net Equity for Real Property:  $ 0.00
Less Exemptions (Schedule C):       $ 0.00
Available Chapter 7:                $ 0.00

B. Automobile (Describe year, make and model):

Value $ 0.00   Lien $ 0.00   Exemption $ 0.00

Total Net Equity:                   $ 0.00
Less Total Exemptions (Schedule C): $ 0.00
Available Chapter 7:                $ 0.00

C. All other Assets (All remaining items on Schedule B):   (Itemize as necessary)

Total Net Value:                    $ 0.00
Less Total Exemptions (Schedule C): $ 0.00
Available Chapter 7:                $ 0.00

D. Liquidation Summary (Total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions:  $ 0.00

E. Additional Comments regarding Liquidation Analysis:

IX. SIGNATURES

Pursuant to the Chapter 13 rules, the debtor(s) or his or her counsel will serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and file a Certificate of Service accordingly.

/s/ John Ullian, Esq.                                           April 8, 2014
John Ullian, Esq. 542786                                        Date
Debtor's Counsel
Counsel's Address:   220 Forbes Road, Suite 106
                     Braintree, MA 02184
Tel# 781-848-5980 Fax:781-848-0819   Email Address: info@ullianlaw.com

I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.

Date  April 8, 2014                    Signature   /s/ Gary Procaccini
                                                   Gary Procaccini
                                                   Debtor

Date  April 8, 2014                    Signature   /s/ Lisa Procaccini
                                                   Lisa Procaccini
                                                   Joint Debtor